

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 24, 1939

Hon. Thos. A. Wheat, County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-732
Re: Should a rural free delivery mail
carrier for the Federal Government
obtain commercial motor vehicle li-
cense plates instead of the regular
passenger car license plates?

We are in receipt of your letter of April 29th,
in which you request an opinion on the following ques-
tion:

"The question has been propounded to me
by one of our rural free delivery mail carriers
for the Federal Government to the effect as to
whether or not he has to obtain a Commercial
Motor Vehicle License plate instead of the regu-
lar passenger car license plate. The question
arose inasmuch as he was arrested by a consta-
ble and given a ticket for failure to have a
Commercial Vehicle License plate upon his car.
He has a regular passenger vehicle license
plate upon his car which he used for the pur-
pose of delivering the mail. The car is not
owned by the Federal Government and is not ex-
clusively used for mail carrying purposes."

Section 2 of Article 6675a, Vernon's Annotated
Civil Statutes, provides for the registration of vehicles
in the following words:

"Every owner of a motor vehicle trailer
or semi-trailer used or to be used upon the
public highways of this State, and each chauf-
feur, shall apply each year to the State High-
way Department through the County Tax Collector

of the County in which he resides for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, for the ensuing or current calendar year or unexpired portion thereof; * * * "

Section 3 of the same article concerns itself with the form of the application for registration. It reads partially as follows:

"Application for the registration of a vehicle required to be registered hereunder shall be made on a form furnished by the department, each such application shall be signed by the owner of the vehicle, and shall give his name and address in full, and shall contain a brief description of the vehicle to be registered. Said description, in case of a new motor vehicle, shall include: The trade name of the vehicle; the year model; the style, type of body and the weight; if a passenger car, or the net carrying capacity and gross weight if a commercial motor vehicle; the motor number; the date of sale by manufacturer or dealer to the applicant. * * * " [Underscoring ours).

It is apparent that the application must show whether or not the vehicle is a "commercial motor vehicle".

The statutory definition of a "commercial motor vehicle" is contained in section 1 (1) of the Act:

"'Commercial Motor Vehicle' means any motor vehicle other than a motor cycle designed or used for the transportation of property, including every vehicle used for delivery purposes." (Underscoring ours)

The question is whether or not a privately owned passenger car used by a rural free delivery mail carrier for the purpose of delivering United States Mail as well as for the purpose of a passenger car, is within the scope of said definition.

Incidentally, a passenger car is defined as "any

Hon. Thos. A. Wheat, May 24, 1939, Page 3

Motor vehicle other than a motor cycle or a bus, as defined in this Act, designed or used primarily for the transportation of persons", according to section 1 (j) of article 6675a, supra.

Applying the definition of a "commercial motor vehicle" we have in the present instance a motor vehicle, not designed but used for the transportation of property, or more to the point, a vehicle used for delivery purposes, i.e., to the delivery of the United States Mail. Statutory definitions state that ever vehicle used for delivery purposes must be considered a commercial motor vehicle.

"Delivery purposes" is a tremendously broad term, and in the absence of express exception, would cover the United States Mail.

Section 3 contains a provision exempting owners of certain vehicles from paying registration fees as follows:

" * * * Owners of motor vehicles, trailers and semi-trailers, which are the property of, and used exclusively in the service of the United States Government, the State of Texas, or any County, City or School District thereof, shall apply annually to register all such vehicles, but shall not be required to pay the registration herein prescribed, provided that affidavit is made at the time of registration by a person who has the proper authority that such vehicles are the property of and used exclusively in the service of the United States Government, the State of Texas, or County or City or School District thereof, as the case may be. * * * "

The vehicle we are considering is not the property of or used exclusively in the service of the United States. Even if it were, these facts would not affect its status as a commercial motor vehicle under the statutory definition. It has been held in a previous opinion of this department, No. 0-242, addressed to Mr. Julian Montgomery, Engineer State Highway Department, Austin, Texas, that a

Hon. Thos. A. Wheat, May 24, 1939, Page 4

vehicle which is privately owned but used to transport mail under a government contract, is not entitled to receive the benefit of free exempt license plates.

It is our opinion that a privately owned passenger motor vehicle used to deliver mail by a rural free delivery mail carrier and also as a passenger car comes within the scope of the definition of a "commercial motor vehicle" under subdivision (1) of article 6675a-1, and should be registered as a commercial motor vehicle and bear commercial motor vehicle license plates.

we are taking into consideration the fact that the car is used for passenger purposes also, but this is immaterial inasmuch as the definition of a "commercial motor vehicle" does not stipulate that in order to come within the scope, a vehicle has to be used exclusively for delivery purposes. We feel that it is reasonable to construe the definition of "commercial motor vehicle" as all inclusive as to motor vehicles "used for delivery purposes", whether whole or part time, the nature of the subject matter delivered also being immaterial.

Trusting the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:omb

APPROVED:

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN